UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MELISSA MANOOGIAN**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**LOANCARE, LLC**,<br><br>Defendant. | Civil Case No.:<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. Defendant, LoanCare, LLC ("Defendant" or "LoanCare"), has repeatedly called Ms. Manoogian's cellular telephone with an artificial or prerecorded voice after being told repeatedly to stop.

2. The call to Ms. Manoogian's cellular telephone using an artificial or prerecorded voice violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

3. Ms. Manoogian did not provide her express consent (or any consent whatsoever), to receive artificial or prerecorded voice calls from LoanCare.

4. On numerous occasions, Ms. Manoogian asked LoanCare to stop calling her.

5. LoanCare promised Ms. Manoogian that the calls would stop.

6. Loancare, nevertheless, continues to make calls to Ms. Manoogian's cellular telephone without her consent.

7. Accordingly, Ms. Manoogian brings this TCPA action on behalf of herself and a class of similarly situated individuals under 47 U.S.C. § 227(b).

1

**JURISDICTION AND VENUE**

8.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9.  This Court has jurisdiction over LoanCare because LoanCare conducts business transactions in this District, knowingly makes calls into this District (by calling telephone numbers with Massachusetts area codes) and has committed tortious acts in this District.

10. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to this District.

**PARTIES**

11. Plaintiff Melissa Manoogian ("Ms. Manoogian") is, and at all times mentioned herein was, a citizen and resident of Watertown, Massachusetts.

12. Ms. Manoogian is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant LoanCare, LLC ("LoanCare") is, and at all times mentioned herein was, a Virginia limited liability company with headquarters at 3637 Sentara Way, Virginia Beach, VA 23452.

14. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**FACTUAL ALLEGATIONS**

15. Ms. Manoogian's telephone number, (xxx) xxx-2218, is assigned to a cellular telephone service.

16. Since at least as early as August, 2020, LoanCare has repeatedly called Ms.

Manoogian's cellular telephone number and played a prerecorded message relating to her mortgage account.

17. Upon information and belief, the calls from LoanCare are past-due mortgage payment reminder calls and begin on the 16th of every month, the day after the typical 15-day grace period.

18. Ms. Manoogian has never missed a mortgage payment during the time LoanCare has serviced her mortgage, however LoanCare continues to place these calls to her cellular telephone.

19. Ms. Manoogian knew that the calls from LoanCare used an artificial or prerecorded voice due to the tone and cadence of the voice and because Ms. Manoogian was unable to interact with the caller.

20. These calls are made from at least the following telephone number: 800-909-9525.

21. That is a number associated with LoanCare.

22. Indeed, other individuals have complained that such calls from that number may be a "scam". *See* https://directory.youmail.com/directory/phone/8009099525 (Last Visited March 28, 2022).

23. Ms. Manoogian did not consent to receive artificial or prerecorded voice calls from LoanCare.

24. The pre-recorded messages provide a callback number to reach LoanCare.

25. In response to the pre-recorded calls, on numbers occasions Ms. Manoogian called the number back so she could speak to a live agent and inform the agent that she paid her mortgage on time and requested that the calls stop.

26. The LoanCare agents agreed with her that she paid her mortgage on time and was

not behind on payments.

27. The LoanCare agents did not know why Ms. Manoogian continued to receive the calls.

28. Indeed, Ms. Manoogian wrote to LoanCare and also asked that the calls stop, including in February of 2022.

29. Despite her informing LoanCare of the erroneous nature of its calls and requesting that the calls stop, LoanCare continued to place artificial or prerecorded voice calls to Ms. Manoogian.

30. On numerous occasions, LoanCare agents advised Ms. Manoogian that she should not receive any further calls.

31. Despite these assurances, Ms. Manoogian continues to receive calls from LoanCare.

32. The content of LoanCare's calls demonstrates that LoanCare's calls were not made of an emergency purpose.

33. LoanCare is aware of the TCPA's prohibitions against the use of artificial or prerecorded voices to make calls to cellular phones without the prior express consent of the called party having been previously sued based on allegations of violating the TCPA.

34. LoanCare therefore knowingly and willfully caused calls utilizing an artificial or prerecorded voice to be made to the cellular telephones of Ms. Manoogian and other consumers without their prior express consent.

35. In addition, each call Loancare made to Ms. Manoogian's cellular telephone after she requested that LoanCare stop calling her was made knowingly and willfully.

36. Ms. Manoogian has suffered concrete harm because of LoanCare's unwanted calls,

including, but not limited to:

- Lost time tending to and responding to the calls;
- Invasion of Privacy; and
- Nuisance.

37. These forms of actual injury are sufficient for Article III standing purposes. *See Gibbs v. SolarCity Corp.,* 239 F. Supp. 3d 391, 395-96 (D. Mass. 2017).

38. Accordingly, each of LoanCare's calls to Ms. Manoogian using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

39. For violations of 47 U.S.C. § 227(b), Ms. Manoogian is entitled to a minimum of $500 per call.

40. Ms. Manoogian is entitled to $1500 per call if LoanCare's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action under Fed. R. Civ. P. 23 as a representative of the following Class:

> **All persons in the United States (1) called by or on behalf of LoanCare (2) on their cellular telephone numbers (3) with an artificial or prerecorded voice (4) after requesting LoanCare or its vendor to stop calling (5) from four years prior to the date of filing of the complaint to trial.**

42. Excluded from the Class is LoanCare and any entities in which LoanCare has a controlling interest; LoanCare's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

43. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

44. The exact number and identities of the persons who fit within the Class are ascertainable in that LoanCare and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which LoanCare placed its calls;

   b. The telephone numbers to which LoanCare placed its calls;

   c. The telephone numbers for which LoanCare had prior express consent;

   d. The telephone numbers for which LoanCare was informed it should no longer call;

   e. The purposes of such calls; and

   f. The names and addresses of Class members.

45. The Class is comprised of hundreds, if not thousands, of individuals.

46. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

   a. Whether LoanCare (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

   b. Whether LoanCare (or someone acting on its behalf) obtains prior express consent;

   c. Whether LoanCare ignored consumers' indications that they wanted the calls to stop;

   d. Whether Ms. Manoogian and the Class were damaged thereby, and the extent of damages for such violations; and

   e. Whether LoanCare should be enjoined from engaging in such conduct in the future.

47. Ms. Manoogian is a member of the Class in that LoanCare placed a prerecorded call to her cellular telephone without her prior express consent and after Ms. LoanCare requested LoanCare to stop calling her.

48. Ms. Manoogian's claims are typical of the claims of the Members of the Class in that they arise from LoanCare's uniform conduct and are based on the same legal theories as these claims.

49. Ms. Manoogian and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to LoanCare's unwanted calls and suffered a nuisance and an invasion of their privacy.

50. Ms. Manoogian has no interests antagonistic to, or in conflict with, the Class.

51. Ms. Manoogian will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent her and the Class.

52. LoanCare has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

53. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

55. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)

56. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

57. LoanCare used an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express consent.

58. LoanCare has therefore violated 47 U.S.C. § 227(b).

59. As a result of LoanCare's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

61. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the

wrongful and unlawful acts described herein;

        D.       An award of statutory damages;

        E.       An award of treble damages; and

        F.       Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** April 1, 2022　　　　　　s/ *Anthony Paronich*_____
　　　　　　　　　　　　　　　　Athony I Paronich, Esquire
　　　　　　　　　　　　　　　　**PARONICH LAW, P.C.**
　　　　　　　　　　　　　　　　350 Lincoln Street, Suite 2400
　　　　　　　　　　　　　　　　Hingham, MA 02043
　　　　　　　　　　　　　　　　Tel: (617) 485-0018
　　　　　　　　　　　　　　　　Fax: (508) 318-8100
　　　　　　　　　　　　　　　　anthony@paronichlaw.com

　　　　　　　　　　　　　　　　Max S. Morgan, Esquire*
　　　　　　　　　　　　　　　　**THE WEITZ FIRM, LLC**
　　　　　　　　　　　　　　　　1528 Walnut Street, 4th Floor
　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　Tel: (267) 587-6240
　　　　　　　　　　　　　　　　Fax: (215) 689-0875
　　　　　　　　　　　　　　　　max.morgan@theweitzfirm.com

　　　　　　　　　　　　　　　　*Application for full admission forthcoming