UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-CV-10487

MELISSA MANOOGIAN, on behalf of herself and all others similarly situated

v.

LOANCARE, LLC

MEMORANDUM & ORDER

March 21, 2023

ZOBEL, S.D.J.

Plaintiff Melissa Manoogian brought this Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq, action on behalf of herself and a class of similarly situated individuals, pursuant to subsection 227(b). She alleges that Defendant LoanCare, LLC violated the TCPA by repeatedly calling her cellular telephone with a prerecorded or artificial voice, despite her request that LoanCare stop such calls. On December 19, 2022, LoanCare gave Plaintiff's counsel $13,500 cash, presumably to settle the matter. Plaintiff's counsel responded by delivering a cashier's check made payable to LoanCare for $13,500. On January 1, 2023, LoanCare moved to dismiss for lack of subject matter jurisdiction.[1] Docket # 40.

LoanCare argues that because it provided Plaintiff with the "maximum recovery afforded by the statute, plus discretionary prejudgment interest," her claims are moot, and the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Id. at 4 n.3. Plaintiff,

---

[1] Defendant previously moved to dismiss on May 25, 2022. That motion was denied on July 14, 2022.

1

on the other hand, asserts that LoanCare did not fully resolve her claims for relief, and that she has an interest in proceeding on behalf of the class. The motion to dismiss is denied, in keeping with the analysis of courts within this district. E.g., Johansen v. Liberty Mutual Group, Inc., No. 1:15-cv-12920-ADB, 2016 WL 7173753, at *8 (D. Mass. Dec. 8, 2016) (Burroughs, J.); S. Orange Chiropractic Ctr., LLC v. Cayan, LLC, No. 15-13069-PBS, 2016 WL 1441791, at *7 (D. Mass. Apr. 12, 2016) (Saris, J.).[2]

First, the parties dispute the number of phone calls at issue and, as a result, the total amount of statutory damages to which Plaintiff may be entitled. "[T]he First Circuit [has] criticized the idea of making a merits determination regarding the proper measure of damages when trying to determine whether a case is moot." Johansen, 2016 WL 7173753, at *7. Thus, "where 'the proper measure of damages remains in dispute, and Defendant has tendered less than the amount to which Plaintiff claims entitlement, the tender does not satisfy Plaintiff's claims.'" Id. (quoting Bais Yaakov of Spring Valley v. ACT, Inc., 186 F.Supp.3d 70, 77 (D. Mass. 2016) (Hillman, J.)). Second, LoanCare did not provide all relief requested by Plaintiff, such as class-wide (i) statutory damages, (ii) treble damages, (iii), injunctive relief, and (iv) declaratory relief. Docket # 1 at 8–9; see Johansen, 2016 WL 7173753, at *4–5, 7. Thus, even leaving aside the dispute about the number of phone calls and therefore the maximum statutory damages available to Plaintiff, LoanCare has not "shown that it has provided all relief sought by [Plaintiff] in [her] Complaint." Johansen, 2016 WL 7173753, at *4.

---

[2] Other district courts have also held that a defendant may not moot a plaintiff's individual and class action claims in this fashion. E.g., Fauley v. Royal Canin U.S.A., Inc., 143 F.Supp.3d 763, 765 (N.D. Ill. 2016); Bais Yaakov of Spring Valley v. Varitonics, LLC, 200 F.Supp.3d 837, 842 (D. Minn. 2016).

This is consistent with Judge Saris's analysis in S. Orange, in which the parties "*did not* dispute that defendant had provided *all* of the relief sought by plaintiff. Johansen, 2016 WL 7173753, at *4 (citing S. Orange Chiropractic Ctr., 2016 WL 1441791, at *4) (emphasis added). Here, the parties do not agree that the $13,500 cash, which LoanCare's counsel delivered to Plaintiff's counsel, *fully* resolves Plaintiff's claim for damages. Moreover, the S. Orange defendant provided much more to that plaintiff than statutory damages plus interest, which is all LoanCare has given to date. In S. Orange, the defendant tendered a bank check for statutory damages, treble damages, and costs, which it offered to deposit with the court, and agreed to injunctive relief, a protective order to preserve information, and judgment entered against it. S. Orange Chiropractic Ctr., 2016 WL 1441791, at *4–5. LoanCare makes no concessions as to injunctive relief, document preservation, or having judgment entered in Plaintiff's favor.

Third, even assuming *arguendo* that Plaintiff's individual claims are moot, the class action may still proceed as a case or controversy under Article III pursuant to the "inherently transitory" exception. S. Orange Chiropractic Ctr., 2016 WL 1441791, at *7 ("Defendant's attempt to moot the request for classwide statutory damages falls within the 'inherently transitory' exception discussed by the First Circuit in Cruz because the class issues will likely evade review.") (citing Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001)).

The Motion to Dismiss (Docket # 40) is DENIED. The corrected version of Plaintiff's Consent MOTION for Extension of Time to February 21, 2023, to File Response/Reply (Docket # 44) is ALLOWED, and the first filed version (Docket # 43) is DENIED as moot.

March 21/2023
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE

4